FILED IN CHAMBERS
U.S.D.C. Atlanta

APR 23 2020

JAMES N. HATTEN, Clerk
By: _____
Deputy Clerk

# United States District Court

## NORTHERN DISTRICT OF GEORGIA

UNITED STATES OF AMERICA

v.

James Mercado Enriquez
Jeremy Brandon Hefner

CRIMINAL COMPLAINT

Case Number: 1:20-MJ-330

I, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief.  On or about April 22, 2020 in Gwinnett County, in the Northern District of Georgia,

the defendants, JAMES MERCADO ENRIQUEZ and JEREMY BRANDON HEFNER, aided and abetted by each other, did knowingly and intentionally attempt to possess with intent to distribute a controlled substance, said act involving at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and 846 and Title 18, United States Code, Section 2.

I further state that I am a Task Force Officer of the Drug Enforcement Administration and that this complaint is based on the following facts:

PLEASE SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof.    Yes

_____
Signature of Complainant
Jordan Mileshko

Based upon this complaint, this Court finds that there is probable cause to believe that an offense has been committed and that the defendants have committed it.  Sworn to me by telephone pursuant to Federal Rule of Criminal Procedure 4.1.

April 23, 2020
Date

at   Atlanta, Georgia
City and State

RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer
AUSA Tyler A. Mann

_____
Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF COMPLAINT

I, Jordan Mileshko, a Task Force Officer of the Drug Enforcement Administration (DEA), being duly sworn, do hereby depose, and state as follows:

**A.   Introduction**

1.    I am an "investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

2.    By this affidavit, I submit that probable cause exists to believe that James Mercado ENRIQUEZ and Jeremy Brandon HEFNER, aided and abetted by each other, committed a narcotics offense by knowingly and intentionally attempting to possess with intent to distribute a controlled substance, said act involving at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and 846 and Title 18, United States Code, Section 2.

**B.     Training and Experience**

3.      I am currently assigned to the Atlanta Field Division, Task Force Group 4 with the High Intensity Drug Traffic Area (HIDTA) Drug Enforcement Administration (DEA) through Marietta Police Department since 2019.  I am a sworn Law Enforcement Officer of the State of Georgia. I am therefore, an officer of the State of Georgia who is empowered to conduct investigations of, and make arrests for, the offenses enumerated in the Official Code of Georgia Annotated as well I am deputized through DEA to  exercises the powers of enforcement personnel  set forth in Section 878, Title 21 United States Code.

4.      I have been employed by the Marietta Police Department since January 2009 and from 2014-2019 I was assigned to the Marietta Police Crime Interdiction Unit (CIU). I have also been assigned to the Special Weapons and Tactics (SWAT) team since 2010 and have served more than 80 High risk search warrants with the majority being no knock provision. I am a state certified marijuana examiner, Field training officer, firearms and defensive tactics instructor and have obtained my senior patrol officer status. Your affiant has obtained over 3000 hours of POST accredited training to include 20 hours of Advanced Search Warrants and Affidavits.  I have made over 500 arrests and taken over 180 arrest

warrants and 40 search warrants. I also have a Bachelor's degree in Criminal Justice from Kennesaw State University.

## C. Sources of Information

5. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from other law enforcement agents and witnesses. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the information was provided by another law enforcement officer (who may have had either direct or hearsay knowledge of the statement) to whom I have spoken or whose report I have reviewed. Such statements are stated in substance, unless otherwise indicated. Wherever in this affidavit I state a belief, such belief is based upon my training and experience and the information obtained through this investigation by myself and other agents.

6. Because this affidavit was prepared for the limited purpose of supporting a complaint against the individual listed herein, I have not included each and every fact known about this investigation. I have set forth only those facts that I believe are necessary to establish the required basis for a criminal complaint. I do not rely upon facts not set forth herein in reaching my conclusion that a criminal complaint should be issued, nor

do I request that this Court rely upon any facts not set forth herein in reviewing this Affidavit in support of the application for a criminal complaint.

**D.   Factual Summary – Probable Cause Basis**

7.   On Thursday, April 16, 2020, Task Force Officer (TFO) Robert Keim, who is assigned to Atlanta-Carolina's HIDTA Group 4 in an undercover (UC) capacity and in this investigation was posing as a methamphetamine distributor, received a phone call from James Mercado ENRIQUEZ.  ENRIQUEZ, who was located in South Carolina, wanted to buy two kilograms of methamphetamine for a negotiated price of $5000.00 per kilogram.

8.   TFO Keim and ENRIQUEZ originally scheduled the drug transaction for April 20, 2020, but later rescheduled the deal for April 21, 2020, and then finally for April 22, 2020. The transaction was to take place in the area of Norcross, Georgia. At approximately 3.30 p.m. on April 22, 2020, ENRIQUEZ called TFO Keim and told him that he was 30 minutes from the meeting spot.  ENRIQUEZ also told Keim that he wanted one kilogram, nine ounces of methamphetamine rather than two kilograms and that, if he was happy with the product, he would want five or ten more, which Keim took to mean five or ten additional kilograms.

ENRIQUEZ instructed Keim to bring a scale to the deal so that he could weigh the drugs that were provided.  TFO Keim told ENRIQUEZ that he would meet him in the parking lot of the Dick's Sporting Goods at 6050 Peachtree Parkway in Peachtree Corners in the Northern District of Georgia.

9.     ENRIQUEZ arrived at the meeting location and told TFO Keim where he was parked and that he was driving a silver SUV.  TFO Keim drove to the parking lot and parked close to a vehicle matching the description ENRIQUEZ had provided.  ENRIQUEZ, whom Keim recognized from a photograph ENRIQUEZ provided earlier that day, was in the rear of the vehicle on the passenger's side, and there was a man in the driver's seat who was later identified as Jeremy HEFNER.  TFO Keim exited his vehicle and, through the back window of ENRIQUEZ's vehicle, handed ENRIQUEZ just over a kilogram of a sham substance packaged in a manner in which narcotics are frequently packaged.  ENRIQUEZ began to cut into the sham, apparently to verify its authenticity.  Concerned about what might happen if ENRIQUEZ realized he had been given fake product, TFO Keim broke his cover and signalled agents and officers to come in and conduct an arrest.

10.     ENRIQUEZ and HEFNER were both arrested, and the vehicle was searched.  ENRIQUEZ was holding the knife he had used to cut open the drug packaging.  On the floorboard in front of the driver's seat, agents found a loaded Smith & Wesson Springfield Airlite revolver.  HEFNER claimed ownership of a backpack in the back seat of the vehicle in which agents found personal-use amounts of heroin, cocaine, and methamphetamine.

E.   **Conclusion**

11.     Based upon the above, I believe that there is probable cause to believe that the James Mercado ENRIQUEZ and Jeremy Brandon HEFNER, aided and abetted by each other, committed a narcotics offense by knowingly and intentionally attempting to possess with intent to distribute a controlled substance, said act involving at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846 and Title 18, United States Code, Section 2.

**FURTHER YOUR AFFIANT SAYETH NOT**